Filed 4/30/14  P. v. Cook CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>EVANS R. COOK,<br><br>    Defendant and Appellant. | A140510<br><br>(Humboldt County<br>Super. Ct. No. CR1300946) |

## I. INTRODUCTION

In August 2013, appellant entered a plea of guilty to attempted second degree murder and admitted two charged special allegations as part of an agreement intended to secure—and which did secure—a state prison term of 20 years.  Pursuant to *People v. Wende* (1979) 25 Cal.3d 436, he appeals from the sentence imposed or other matters occurring after the plea which do not affect the validity of the plea.  We find no issues deserving of further briefing regarding either the sentence imposed or any other matters occurring after the entry of appellant's guilty plea and hence affirm the judgment, including the sentence imposed.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Starting in 2007, appellant and his sister, Teresa, lived in adjacent properties in Petrolia, Humboldt County.  Living with the sister was the victim in this case, Charles Hower.  There was, and apparently had been for some time, tension between appellant and Hower because, in 2008, Hower's son had died in "an alcohol related automobile collision after he left" appellant's residence.  Additionally, appellant's sister and Hower

1

were, at the time of the offense to be described, apparently attempting to evict appellant from his residence.

In the early afternoon of February 23, 2013,[1] Hower went out of his residential area to feed his horses, and then drove away from the barn housing them. As he did so, appellant appeared on the roadway near Hower's residence and began shooting at Hower with a 30/30 caliber rifle from approximately 50 feet away. Appellant admitted to firing three shots at Hower, one of which resulted in a wound to Hower's chest and another resulted in severing the little finger of his left hand. Other evidence, however, suggested he fired five rifle shots at Hower. Appellant told one of the investigators that "he had wanted the victim dead." (Id., 176.)

On March 21, an information was filed charging appellant with attempted murder in the first degree, along with a special allegation of intentional discharge of a firearm causing great bodily injury. (Pen. Code, §§ 187, subd. (a); 664; 12022.53, subd. (d).)

On August 7, appellant entered a conditional plea of guilty to attempted second degree murder and admitted the amended special allegation charged under Penal Code section 12022.53, subdivision (b), plus another special allegation under Penal Code section 12022.7, subdivision (a) (causing great bodily injury). This conditional plea was entered for a "stipulated term of 20 years in state prison," calculated as a midterm of seven years for attempted murder, three years for the bodily injury enhancements and 10 years for the firearm use enhancement.

On September 27, victim Hower wrote a letter to the trial court urging that appellant "should have to pay for this for the rest of his life," i.e., the time he, Hower, would be suffering from the injuries he incurred in the shooting. In response, a statement in mitigation was filed on behalf of appellant urging the court to accept the stipulated term of imprisonment rather than extending that term as Hower had urged.

On October 30, the trial court sentenced appellant to the stipulated 20 years in state prison. He received a total of 287 days of conduct and custody credits.

_____

[1] All subsequent dates noted are in 2013.

2

On December 13, a notice of appeal was filed by appellant regarding the sentence imposed or other matters occurring after the entry of his plea. Appellant did not request the issuance of a certificate of probable cause.

### III. DISCUSSION

Where, as here, an appellant has pled guilty or no contest to an offense, the scope of reviewable issues is restricted to matters based on constitutional, jurisdictional, or other grounds going to the legality of the proceedings leading to the plea; guilt or innocence is not included. (*People v. DeVaughn* (1977) 18 Cal.3d 889, 895-896)

In his brief to this court (see *id.* pp. 5-6), appellant submitted the "following items 'in the record that might arguably support the appeal.' (*Anders v. California* [(1967) 386 U.S. 738,] 744.): [¶] 1. During his probation interview appellant stated that he did not know if the 20 year prison term to which he had agreed was fair and hoped that his sentence would be reduced to 10 years. Was the sentence properly imposed in accordance with the plea bargain? [¶] 2. And, if appellant's concern that the sentence should be reduced below the stipulated term was waived due to failure to object or otherwise bring appellant's request to the sentencing court's attention, did appellant receive ineffective assistance of counsel for failure to object, and is there a reasonable possibility of a more favorable result had an objection been made? (*Strickland v. Washington* (1984) 466 U.S. 668.)"

We have no difficulty in concluding that neither of these issues is deserving of further briefing.

First of all, in the trial court appellant's counsel wrote that "[t]he 20 year resolution is a fair and just resolution of this case. . . . [¶] Mr. Cook is asking the court to uphold the joint recommendation of 20 years. It is a serious sentence that is appropriate to the serious nature of Mr. Cook's actions. . . . [¶] Because of these mitigating factors we are asking the court to sentence Mr. Cook to 20 years in state prison rather than withdrawing the plea and seeking a greater sentence as suggested by Mr. Hower's statement." That counsel made essentially the same point in his verbal statement to the trial court at the time of appellant's sentencing.

3

The prosecutor promptly agreed with this statement; she replied: "It is in part by grace of the victim that the People agreed to the 20-year stipulated sentence. They were supportive of that disposition. They understood that Mr. Cook was facing a life sentence. They understood that Mr. Cook, I believe, was facing 40-to-life, I think. Certainly life sentence. So they understand that. So when the People conveyed the offer to the defense, it was with a lot of consideration for the victim and what they went through."

Appellant's statement that "he hopes his sentence can be reduced to 10 years" was explained by the following sentence in the probation officer's report thusly: "He explained that the men in his family generally die around age 60, and he is concerned that he is going to die while imprisoned." (Appellant was 53 at the time of his plea.)

The probation officer assigned to the case concluded that: "Considering the damage defendant has inflicted upon the victim and the potential risk he poses to the community, the prison term stipulated by defendant's conditional plea is appropriate and such is recommended."

The admonitions given appellant at the time he entered his plea fully conformed with the requirements of *Boykin v. Alabama* (1969) 395 U.S. 238 and *In re Tahl* (1969) 1 Cal.3d 122, and his waiver was knowing and voluntary.

The sentence imposed was clearly consistent with the plea bargain, and what that sentence was going to be was clearly understood by both appellant and his counsel at the hearing at which he entered his plea and the later sentencing hearing.

The record provides a factual basis for the plea and the sentence imposed is authorized by law.

Appellant was at all times represented by competent counsel who protected his rights and interests. Based on this record, there clearly was and is no possible ineffective assistance of counsel regarding the sentence imposed on appellant. Nor, especially considering the record quoted above, was there "a reasonable possibility of a more favorable result had an objection been made."

The sentence imposed is authorized by law.

4

## IV. DISPOSITION

Our independent review having revealed no arguable issues that require further briefing, the judgment of conviction, which includes the sentence imposed, is affirmed.

_____
Haerle, J.

We concur:

_____
Kline, P.J.

_____
Richman, J.